# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBRA A. CARVER,<br>JAMES R. CARVER,<br><br>      Plaintiffs,<br><br>      v.<br><br>MEIJER, INC.,<br>MEIJER STORES LIMITED PARTNERSHIP<br>d/b/a MEIJER,<br><br>      Defendants. | No. 1:15-cv-00124-TWP-MJD |

## ENTRY ON JURISDICTION

It has come to the Court's attention that Defendants' Notice of Removal fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Notice of Removal alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Notice of Removal fails to sufficiently allege the citizenship of the Plaintiffs and the Defendants. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

"For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.* The same is true of partnerships. "A limited partnership is a citizen of every state of which any partner, general or limited, is a citizen." *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073 (7th Cir. 1992).

The Notice of Removal alleges that "Defendant, Meijer, is a limited partnership duly created and organized by and under the laws of the State of Michigan, with its principal place of business in the State of Michigan . . . ." ([Filing No. 1 at 3](#).) This does not establish the citizenship of Defendant Meijer Stores Limited Partnership. Alleging the identity and citizenship of each of the partners of Defendant Meijer Stores Limited Partnership is necessary for this Court to determine whether it has jurisdiction.

Additionally, the Notice of Removal failed to allege the citizenship of Defendant Meijer, Inc. The complaint or notice of removal must allege both the state of incorporation and the state of its principal place of business. *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 578 n.13 (7th Cir. 1982). Defendants' Notice of Removal failed to allege either.

The Notice of Removal is deficient regarding the citizenship of the Plaintiffs because it states, "Upon information and belief, the Plaintiffs were at the commencement of this action, and are now, citizens of the State of Indiana, and are residents of the State of Indiana, and are not citizens of the State of Michigan." ([Filing No. 1 at 2](#)–3.) This statement is insufficient to allege citizenship. Jurisdictional allegations must be made upon personal knowledge, not on "information and belief," to invoke the subject matter jurisdiction of the federal court. *See America's Best Inns*, 980 F.2d at 1074 (only a statement about jurisdiction "made on personal knowledge has any value;" a statement made "'to the best of my knowledge and belief' is insufficient" to establish diversity jurisdiction); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is insufficient).

Therefore, the Defendants are **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify each of the partners of Defendant Meijer Stores Limited Partnership and their citizenship, the

citizenship of Defendant Meijer, Inc., and a sufficient statement regarding the citizenship of the Plaintiffs. This jurisdictional statement is due **14 days** from the date of this Entry.

**SO ORDERED.**

Date: 02/03/2015

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Arthur Charles Johnson, II
JOHNSON RUPPA & IVANCEVICH LLC
acj@jsilaw.com

Steven A. Johnson
JOHNSON, RAPPA & IVANCEVICH, LLC
saj@jsilaw.com

Kelly R. Thompson
THOMPSON LEGAL SERVICES
kerthomp@sbcglobal.net